JS-6

JEFFREY H. WOOD
Acting Assistant Attorney General
Environmental & Natural Resources Division
GABRIEL ALLEN (GA Bar No. 740737)
Environmental Enforcement Section
Environmental & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6469
Facsimile: (415) 744-6476
E-mail: Gabriel.Allen@usdoj.gov

*Attorneys for Plaintiff United States of America*

PATRICK A. GENZLER (VA Bar No. 17776)
MICHAEL L. STERLING (VA Bar No. 25145)
Vandeventer Black LLP
101 West Main Street
500 World Trade Center
Norfolk, Virginia 23510
Telephone: (757) 446-8631
Facsimile: (757) 446-8670
E-mail: pgenzler@vanblacklaw.com
       msterling@vanblacklaw.com

*Attorney for Defendant The Bionetics Corporation*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CV 17-5677-GW-PLAx |
| **Plaintiff,** | |
| v. | **CONSENT DECREE** |
| **THE BIONETICS CORPORATION,** | |
| **Defendant.** | |

CONSENT DECREE

**TABLE OF CONTENTS**

I.   BACKGROUND ..................................................................................1
II.  JURISDICTION ..................................................................................3
III. PARTIES BOUND ..............................................................................3
IV. DEFINITIONS ....................................................................................2
V.  STATEMENT OF PURPOSE ............................................................5
VI. PAYMENT OF RESPONSE COSTS .................................................5
VII. FAILURE TO COMPLY WITH CONSENT DECREE .....................6
VIII. COVENANTS BY UNITED STATES ...............................................8
IX. RESERVATION OF RIGHTS BY UNITED STATES ......................8
X.  COVENANTS BY SETTLING DEFENDANT .................................9
XI. EFFECT OF SETTLEMENT/CONTRIBUTION ............................10
XII. CERTIFICATION .............................................................................12
XIII. NOTICES AND SUBMISSIONS ....................................................13
XIV. RETENTION OF JURISDICTION ..................................................14
XV. INTEGRATION/APPENDIX ...........................................................14
XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ....14
XVII. SIGNATORIES/SERVICE ..............................................................14
XVIII. FINAL JUDGMENT .......................................................................15

# I. BACKGROUND

A. The United States of America ("United States"), on behalf of the U.S. Air Force ("USAF"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 (CERCLA), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Site 19 and Site 50 of Vandenberg Air Force Base in Santa Barbara County, California ("the Site").

B. In response to the release or threatened release of hazardous substances at or from the Site, USAF undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake additional response actions in the future.

C. In performing response actions at the Site, USAF has incurred response costs and will incur additional response costs in the future.

D. The United States alleges that The Bionetics Corporation ("Settling Defendant") is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for response costs incurred and to be incurred at the Site.

E. The Settling Defendant does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

F. The United States and Settling Defendant (collectively, "the Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606, 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday,

1  Sunday, or federal or State holiday, the period shall run until the close of
2  business of the next working day.
3       "DOJ" shall mean the U.S. Department of Justice and its successor
4  departments, agencies, or instrumentalities.
5       "Effective Date" shall mean the date upon which approval of this
6  Consent Decree is recorded on the Court's docket.
7       "Interest" shall mean interest at the rate specified for interest on
8  investments of the EPA Hazardous Substance Superfund established by 26
9  U.S.C. § 9507, compounded annually on October 1 of each year, in accordance
10 with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in
11 effect at the time the interest accrues. The rate of interest is subject to change
12 on October 1 of each year. Rates are currently available online at
13 https://www.epa.gov/superfund/superfund-interest-rates.
14      "Paragraph" shall mean a portion of this Consent Decree identified by an
15 Arabic numeral or an upper or lower case letter.
16      "Parties" shall mean the United States and Settling Defendant.
17      "Plaintiff" shall mean the United States.
18      "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-
19 6992, also known as the Resource Conservation and Recovery Act.
20      "Section" shall mean a portion of this Consent Decree identified by a
21 Roman numeral.
22      "Settling Defendant" shall mean The Bionetics Corporation.
23      "Site" shall mean the following locations at Vandenberg Air Force Base
24 in Santa Barbara County, California and shall include all areas to which
25 contamination from the following locations has migrated via groundwater:
26      a.     land and facilities known as Installation Restoration Program (IRP)
27 Site 19, an area encompassing approximately 15.5 acres, located at Vandenberg
28 Air Force Base at Lompoc Street and Clark Street, on which are located

1  Buildings 830, 831, 833, 834, 835 and 836, as shown by the dashed line marked
2  "Site 19" on the map included in Appendix A.
3      b.     land and facilities known as IRP Site 50, an area encompassing
4  approximately 38 acres, located at Vandenberg Air Force Base, bounded by 6th
5  Street, Iceland Avenue, 8th Street and Nevada Avenue, on which are located
6  Buildings 8430, 8431 and 8432 and other buildings, as shown by the solid
7  black line named "General Site Boundary" on the map included in Appendix A.
8      "United States" shall mean the United States of America and each
9  department, agency, and instrumentality of the United States, including USAF.
10     "USAF" or "Air Force" shall mean the U.S. Air Force and its successor
11 departments, agencies, or instrumentalities.

## V.    STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to resolve its alleged civil liability with regard to the Site under Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), as provided in the Covenants by Plaintiff in Section VIII, subject to the Reservations of Rights by United States in Section IX.

## VI.    PAYMENT OF RESPONSE COSTS

5. <u>Payment by Settling Defendant for Response Costs</u>. Within 30 days after the Effective Date, Settling Defendant shall pay to USAF Two Hundred Nineteen Thousand and 00/10$^{ths}$ Dollars ($219,000.00), plus an additional sum for Interest on that amount calculated from the date of lodging the Consent Decree through the date of payment.

6. Settling Defendant shall make payment by Fedwire Electronic Funds Transfer EFT to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit (FLU) of the U.S. Attorney's Office for the Central District of California after the Effective Date. The payment instructions provided by the FLU will include a

4

CONSENT DECREE

Consolidated Debt Collection System (CDCS) number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> David J. Turk
> Chief Financial Officer
> The Bionetics Corporation
> 101 Production Drive, Suite 100
> Yorktown, VA 23693-4025
> Phone: (757) 873-0900, ext. 3730
> Direct: (757) 952-3730
> Email: dturk@bionetics.com

on behalf of Settling Defendant. Settling Defendant may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and USAF in accordance with Section XIII (Notices and Submissions).

7. <u>Deposit of Payment</u>. The total amount to be paid pursuant to Paragraph 5 shall be deposited by FLU in the Air Force Environmental Restoration Account, in accordance with 10 U.S.C. § 2703(e).

8. <u>Notice of Payment</u>. At the time of payment, Settling Defendant shall send notice that payment has been made to DOJ and USAF in accordance with Section XIII (Notices and Submissions).

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

9. <u>Interest on Late Payments</u>. If Settling Defendant fails to make any payment required by Paragraph 5 (Payment by Settling Defendant for Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

10. <u>Stipulated Penalty</u>.

    a. If any amounts due under Paragraph 5 (Payment by Settling Defendant for Response Costs) are not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated

5

CONSENT DECREE

penalty, in addition to the Interest required by Paragraph 9 (Interest on Late Payments), $1,500 per violation per day that such payment is late.

    b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by USAF. All payments to USAF under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire EFT to:

```
Bank Name:          TREAS NYC
Location:           New York, NY
Routing Number:     021030004
Beneficiary Name:   Air Force Environmental Restoration Account
                    570 3400 300 158F B74417 04 535 78008F 667100
Account Identification: DFAS/0000006551
Case Information:   The Bionetics Corporation
                    Consent Decree
                    Vandenberg Air Force Base, CA
```

Such notice shall include the amount of funds to be transferred and shall reference the CDCS Number and DJ Number 90-11-3-10477/4.

    c. At the time of payment, Settling Defendant shall send notice that payment has been made to USAF and DOJ as provided in Section XIII (Notices and Submissions).

    d. Penalties shall accrue as provided in this Paragraph regardless of whether USAF has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

CONSENT DECREE

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VIII. COVENANTS BY UNITED STATES

14. <u>Covenants for Settling Defendant by United States</u>. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 14 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

e. liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

f. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## X. COVENANTS BY SETTLING DEFENDANT

16. <u>Covenants by Settling Defendant</u>. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c. any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law relating to the Site.

17. Except as provided in Paragraph 19 (claims against other PRPs) and Paragraph 24 (res judicata and other defenses), the covenants in this Section shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

18. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION

20. Except as provided in Paragraph 19 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in

this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

21. The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

22. The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which the Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

23. Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify USAF and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify USAF and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, Settling Defendant shall notify USAF and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by United States set forth in Section VIII.

## XII. CERTIFICATION

25. Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, documents, or other information (including records, reports, documents, and other information in electronic form) (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States and that it has fully complied with any and all USAF requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927.

## XIII. NOTICES AND SUBMISSIONS

26. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email:** eescasemanagement.enrd@usdoj.gov

**As to DOJ by mail:** EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-10477/4

**As to USAF by email:** edwin.oyarzo@us.af.mil

**As to USAF by mail:** Chief, Air Force Environmental Litigation Center
AFLOA/JACE
1500 W. Perimeter Road, Suite 1500
Joint Base Andrews Naval Air Facility
Washington, MD 20762

**As to Settling Defendant:** Charles J. Stern
Chief Executive Officer
The Bionetics Corporation
101 Production Drive, Suite 100
Yorktown, VA 23693-4025
Phone: (757) 873-0900, ext. 3730
Direct: (757) 952-3730
Email: cstern@bionetics.com

**With a Copy to:** Michael L. Sterling, Esq.
Vandeventer Black LLP
101 West Main St., Suite 500
Norfolk, VA 23510

Phone: 757-446-8600
Email: msterling@vanblacklaw.com

### XIV. RETENTION OF JURISDICTION

27. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

### XV. INTEGRATION/APPENDIX

28. This Consent Decree and its appendix constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is a map of the Site.

### XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

29. This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

30. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation.

### XVII. SIGNATORIES/SERVICE

31. Each undersigned representative of the Settling Defendant and the Associate Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, or his/her designee certifies that he or she is authorized to

13

CONSENT DECREE

enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

32. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

33. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

### XVIII. FINAL JUDGMENT

34. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 25TH DAY OF SEPTEMBER, 2017.

_____
GEORGE H. WU, U.S. District Judge

Signature Page for Consent Decree Regarding Site 19 and Site 50 at Vandenberg Air Force Base

**FOR THE UNITED STATES OF AMERICA:**

JEFFREY H. WOOD
Acting Assistant Attorney General
Environmental & Natural Resources Division

| | |
|---|---|
| \_\_\_\_\_7/31/2017_____ | \_\_\_\_\_/s/ *Gabriel Allen*_____ |
| Dated | GABRIEL ALLEN |

Trial Attorney
Environmental Enforcement Section
Environmental & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6469
Facsimile: (415) 744-6476
E-mail: Gabriel.Allen@usdoj.gov

15

CONSENT DECREE

Signature Page for Consent Decree Regarding Site 19 and Site 50 at Vandenberg Air Force Base

**FOR THE BIONETICS CORPORATION:**

___4/13/2017_____     __/s/ *Charles J Stern*_____
Dated                     CHARLES J STERN
                          Chief Executive Officer

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

                    Name: Michael L. Sterling

                    Title: Of Counsel

                    Address: Vandeventer Black LLP
                            101 West Main St., Suite 500
                            Norfolk, VA 23510

CONSENT DECREE